Mr. Justice Hioger
delivered the opinion of the court:
The circumstances under which Smith and his wife stood to the plaintiff were very well calculated to affect their credibility ; but nothing has appeared which could destroy their competency. They had no direct interest in the event of the suit, and the judgment to be rendered could not be evidence in any ease in which thereafter they might be parties ; although the policy of the law has excluded other witnesses, as a negro, one convicted of an infamous crime, a wife for or against her husband and others, yet it is not to be understood that the court is at liberty to exclude one, because, from the peculiar circumstances of the case, it may he thonght impolitic to admit him. To be excluded, he must be brought under some exception already established and defined. To do more, would be to legislate. It is much safer to weigh these circumstances, when estimating the credibility of a witness than to apply so loose a rule to his competency. On the first ground, therefore, the motion must fail.
The second ground assumes a fact which is contradicted by the testimony. The contest was not between s, Y0¿ *364 luntary donor and subsequent purchaser, hut between the. donor and the subsequent creditor. The defendant holds not as a purchaser from Smith, bat as one of the creditors of Sinith, or under a sale by one of the creditors of Smith.
Earncmdis, for the motion.
Williams, contra.
The Statute of 13 Elizabeth, does not make void all gifts, &c. which are voluntary, but only such as are fraudulent ; and it has never been denied, that where gifts, &c. are fair, (though voluntary,) they ought to be supported. Lord Mansfield, (Cowp. 436-,J decided that a settlement was not fraudulent, because there were creditors at the time it vras made, if the transaction was a fair one. And in Cowp. 710-11, he ruled that if the circumstances of the transaction shew that it was not fraudulent at the time, it is not within the statute, though no money was paid,
In this case, it was left to the jury to decide from the circumstances of the case, whether the gift was fraudulent or not. They have decided it was not fraudulent, with which decision I am perfectly satisfied.
The motion, therefore, must be dismissed.
Justices Johnson, Nott and Richardson, concurred,